JARED BOBROW (Bar No. 133712)
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: +1.650.802.3000
Facsimile: +1.650.802.3100
E-mail: Jared.Bobrow@Weil.com

Attorneys for Plaintiff
CUTERA, INC.


ALAN H. BLANKENHEIMER (Bar No. 218713)
DANIEL N. KASSABIAN (Bar No. 215249)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail: Alan.Blankenheimer@HellerEhrman.com
         Daniel.Kassabian@HellerEhrman.com

Attorneys for Defendants
PALOMAR MEDICAL TECHNOLOGIES and
THE GENERAL HOSPITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CUTERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALOMAR MEDICAL TECHNOLOGIES, INC., and THE GENERAL HOSPITAL CORPORATION, <br><br> Defendants. | Case No.: C 05-2749 CW <br><br> **ORDER RE STIPULATION TO STAY CASE PENDING RESOLUTION OF CUTERA, INC.'S MOTION TO DISMISS IN RELATED PENDING ACTION** <br><br><br> Judge: The Honorable Claudia Wilken |

# STIPULATION

Pursuant to Civil Local Rules 6-2 and 7-11, Plaintiff Cutera, Inc. ("Cutera") on the one hand and Defendants Palomar Medical Technologies, Inc. and the General Hospital Corporation (collectively "Defendants") on the other hand, through their respective counsel of record, state as follows:

WHEREAS,

1. On April 7, 2005, Defendants filed a complaint in the United States District Court for the District of Massachusetts, captioned *Palomar Medical Technologies, Inc. and The General Hospital Corporation v. Cutera, Inc.*, Civil Action No. 05-CV-10683-RWZ ("the Massachusetts Action"), which alleges that Cutera infringes and induces infringement of U.S. Patent No. 5,595,568 ("the '568 patent") and U.S. Patent No. 5,735,844 ("the '844 patent") by making, using, selling or offering for sale products using pulsed light technology for hair removal;

2. On July 6, 2005, Cutera filed a Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(3) ("the Motion") in the Massachusetts Action, claiming that the court lacks jurisdiction over Cutera, Defendants have opposed the Motion, and the Motion is currently under consideration by the court of the District of Massachusetts;

3. On July 6, 2005, Cutera filed the instant declaratory judgment action in this Court, which seeks a ruling that its pulsed light products for hair removal do not infringe the '568 patent and the '844 patent, and that these two patents are invalid and unenforceable due to inequitable conduct; and

4. On August 22, 2005, counsel for Cutera and counsel for Defendants met and conferred as per the parties' obligations pursuant to Civil Local Rules 6-2 and 7-10(b), during which the parties agreed that because the Motion before the court for the District of Massachusetts is still under consideration, judicial economy is best served by seeking a stay from this Court pending that court's resolution of the Motion, and the parties further agreed that such stay would be without prejudice to Defendants to seek a further stay of the instant action if Cutera's Motion is denied.

1     THEREFORE, Cutera and Defendants NOW STIPULATE AND AGREE:

2     A.    To stay the instant action pending the resolution of Cutera's Motion in the Massachusetts Action;

    B.    That such a stay is without prejudice to Defendants to seek further stay if Cutera's Motion is denied; and

    C.    That Defendants shall have ten (10) days from the date of the entry of an order on Cutera's Motion, by the court for the District of Massachusetts, to file an Answer to the Complaint in this action.

Dated: September 2, 2005

WEIL, GOTSHAL & MANGES LLP

By _____
JARED BOBROW
Attorneys for Plaintiff
CUTERA, INC.

Dated: September 2, 2005

HELLER EHRMAN LLP

By _____/s/ DANIEL N. KASSABIAN_____
Attorneys for Defendants
PALOMAR MEDICAL TECHNOLOGIES and
THE GENERAL HOSPITAL CORPORATION

2
STIPULATION AND ORDER TO STAY CASE – Case No. C 05-2749 CW

## **ORDER**

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED, except that the Case Management Conference will remain on calendar on Nov. 4. If there has been no ruling in the Massachusetts case by then, the parties may stipulate to continue that date for 60 days.**

Dated:  9/2/05                                                    /s/ CLAUDIA WILKEN

--------------------------------------------------

THE HONORABLE CLAUDIA WILKEN
UNITED STATED DISTRICT JUDGE

SF 1182998 v2
(37697.0123)

3

STIPULATION AND ORDER TO STAY CASE – Case No. C 05-2749 CW